IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS HALL, | ) | |
| Plaintiff, | ) | Civil Action No. 14-1330 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| vs. | ) | |
| | ) | Re: ECF Nos. 11, 13 and 14 |
| D.D. SMITH *and* BRIAN V. COLEMAN, | ) | |
| Defendants. | ) | |

## **ORDER**

Presently before this Court are Plaintiff's renewed motions for the appointment of counsel [ECF Nos. 11 and 14], filed on December 29, 2014, and January 5, 2015, respectively. In addition, Plaintiff has filed a Motion for Preliminary Injunction and Motion for Temporary Restraining Order [ECF No. 13].[1] For the reasons set forth below, Plaintiff's motions are DENIED.

### I. Motions for Appointment of Counsel

Plaintiff's renewed motions for the appointment of counsel require the Court to determine whether or not, under the facts and circumstances of this case, the Court should exercise its

---

[1] The Court notes that Plaintiff's motions, like his Amended Complaint, are very difficult to read. Plaintiff's handwriting is nearly illegible and largely unintelligible due to his failure to write with care throughout each document. The Court notes further that because of his inconsistent handwriting, Plaintiff's Amended Complaint is subject to dismissal pursuant to Rule 8 of the Federal Rules of Civil Procedure. Upon service of the Amended Complaint, the Court will entertain an appropriate motion by Defendants to require Plaintiff to rewrite the pleadings so that they can be read in their entirety. Given the current state of the record, Defendants, like the Court, are left to guess as to Plaintiff's allegations, which are so unclear as to defy response. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009). Because the record establishes that Plaintiff is capable of writing neatly, it is incumbent upon him to do so going forward or risk the striking of any further illegible documents filed with the Court, and the eventual dismissal of this action for failure to properly prosecute.

discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action.

As indicated, these are Plaintiff's second and third motions seeking the appointment of counsel. Plaintiff first requested the appointment of counsel on December 10, 2014. [ECF No. 9]. In an Order dated December 15, 2014, Plaintiff's request was denied. [ECF No. 10] In his renewed motions for the appointment of counsel, it does not appear that Plaintiff is adding any new averments to those set forth in his previous motion, nor has he offered the Court any basis for exercising its discretion that has not already been considered. Indeed, in the three weeks which have elapsed since the filing of Plaintiff's first motion for appointment of counsel, it does not appear that any new developments have occurred with respect to this action or with regard to Plaintiff's circumstances so as to warrant a different result.

Therefore, for the reasons set forth in the Court's Order dated December 15, 2014, and because consideration of the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), does not warrant the appointment of counsel in this instance, the Court declines to exercise its discretion and request counsel to represent plaintiff in the prosecution of this action. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).

**II. Motion for Preliminary Injunctive Relief and/or Temporary Restraining Order**

Plaintiff has also requested extraordinary relief in the form of an injunction and/or temporary restraining order pursuant to Rule 65(a) of the Federal Rules of Civil Procedure [ECF No. 13]. Plaintiff seeks an order requiring his immediate transfer from his current facility (SCI – Fayette) to a "State [Mental Health] Hospital" for evaluation and commitment, and where travel for his disabled mother would take less than ninety minutes. [ECF No. 13, p. 2]. He also seeks

an order prohibiting sexual harassment, being singled out for laundry exchange, haircuts, and humiliation, all of which challenge his "vulnerability." Id.

Inmate *pro se* pleadings seeking extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "[f]our factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170–71 (3d Cir. 2001); Emile v. SCI–Pittsburgh, No. 04–974, 2006 WL 2773261, *6 (W.D. Pa. Sept.24, 2006) (denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)). Thus, when considering such requests, courts are cautioned that:

> [A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of

3

> persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L.
> Ed.2d 162 (1997) (emphasis deleted). Furthermore, the Court must recognize that
> an "[i]njunction is an equitable remedy which should not be lightly indulged in,
> but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co.
> v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975),
> cert. denied, 428 U.S. 909, 96 S .Ct. 3221, 49 L.Ed.2d 1217 (1977). As a corollary
> to the principle that preliminary injunctions should issue only in a clear and plain
> case, the Court of Appeals for the Third Circuit has observed that "upon an
> application for a preliminary injunction to doubt is to deny." Madison Square
> Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed. R. Civ. P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu–Jamal v. Price, 154 F.3d 128, 133 (3d Cir.1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

Here, Plaintiff has not met this exacting standard. In support of his motion, Plaintiff has attached numerous exhibits reflecting his most recent prison grievances and requests to staff members for assistance related to housing, mental health treatment, incidents of alleged excessive use of force at SCI-Waymart, confinement in disciplinary housing arising out of assaults on staff members (including one incident on April 22, 2014, when Plaintiff "headbutted" a corrections officer and another on March 26, 2014, when he bit another corrections officer), flooding his own cell, and the use of a Taser nearly two years earlier at SCI-Waymart. These records, which include administrative responses, demonstrate that the staff at SCI-Fayette

4

investigated each of Plaintiff's complaints arising at his current institution, and have provided continued psychological and psychiatric counseling. In addition, the record fails to support Plaintiff's claims of ongoing physical or mental harassment, irreparable harm or suffering so as to warrant the extraordinary relief requested. Accordingly, this Court finds that a preliminary injunction should not issue.

AND NOW, this 6th day of January, 2015, IT IS HEREBY ORDERED that Plaintiff's Motions for Appointment of Counsel [ECF No. 11 and 14], are DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunctive Relief and/or Temporary Restraining Order [ECF No. 13] is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Chris Hall
JV-2499
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450